[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION TO VACATE AND DEFENDANT'S APPLICATION TO CONFIRM ARBITRATION
Peter Santino and Herman Dostie own 100% of the shares of a company called East Shore Development, Inc., referred to in this memorandum as the plaintiff. On September 24, 1992, Santino and Dostie, individually and on behalf of East Shore entered into an written contract with Donald L. Franco, to whom this memorandum shall refer as the defendant, granting to Franco the option to purchase 80% of the shares of East Shore at a price to be determined when the option was exercised.
At the time the contract was signed, East Shore owned a certificate of need to construct a 120 bed nursing facility in East Haven, Connecticut. Franco was to be the manager of the CT Page 15345 facility. The facility was thereafter developed and fully licensed. On May 7, 1997, the defendant exercised his option.
The contract provided for an appraisal method to value the shares of East Shore. It further provided for the arbitration of any disagreement between the parties.
Initially the parties were unable to agree on the appointment of qualified appraisers. As a result, the defendant demanded arbitration on July 16, 1997, seeking specific performance of the option contract. The respondents to the demand for arbitration were Santino, Dostie, and East Shore Development, Inc. A tribunal of three arbitrators was appointed under the agreed procedures of the American Arbitration Association.
On March 4, 1998, this initial impasse was resolved by the arbitration tribunal issuing an interim award. Each side having selected an appraiser, the arbitration tribunal appointed a third appraiser (by agreement). The arbitration tribunal issued a schedule for the reports of the appraisers. It further reiterated the basis for the appraisals, using the language in the option contract, paragraph 3: "(i) the fair market value of the facility and the land upon which it is located . . . in accordance with the guidelines for appraisals established by the Department of Housing and Urban Development (`HUD');" or as stated in the interim award of the arbitration tribunal at their paragraph 3, "the real estate value of the land as improved by the existing 120-bed nursing facility, using the HUD guidelines introduced into evidence as Exhibit 1."
Thereafter, the appraisals were submitted and the arbitration tribunal issued its final award over signatures of August 12 and August 14, 1998. The arbitration tribunal found the purchase price to be paid by the defendant to be 80% of a sum equal to $10,250,000 less certain adjustments that are not in dispute.
Within thirty days thereafter, pursuant to Conn. Gen. Stat. § 52-418, East Shore Development, Inc. filed an application to vacate the award. The defendant has filed an application to confirm the award and to set a closing date.
The corporate plaintiff argues that the arbitration panel should not have considered the HUD guidelines in determining the value of the shares, since the guidelines deal with mortgage financing rather than outright purchase of such a facility. This CT Page 15346 argument is unpersuasive for two reasons. First, all parties agreed in the written option contract to utilize the HUD guidelines. To disclaim the merit of the guidelines now or to claim that the guidelines should not be used for such a valuation is entirely disingenuous. Secondly, the arbitrators had before them from at least one of the appraisers, Arthur Estrada, an analysis of the market value that did not use only the HUD numbers, so that the tribunal could see the contrast and decide if the evidence of the share value utilizing the HUD guidelines had sufficient validity to accept it. Essentially the plaintiff complains not that the arbitrators exceeded or imperfectly executed their powers, but rather that they conformed their award too literally to the agreement into which the parties originally entered.
Furthermore, the only applicant to vacate the award is East Shore Development, Inc. The individual shareholders Santino and Dostie have not moved to vacate the award and are thus bound by it.
There is a complete absence of any justification to vacate the award of the arbitration tribunal. The application to vacate is denied. The application to confirm the award is granted against Santino, Dostie, and East Shore Development, Inc. In the absence of any written agreement to hold the closing at another time and in another manner, this court reschedules the closing for January 30, 1999, under the same terms as those set in the August 1998 arbitration award.
Patty Jenkins Pittman, Judge